[Cite as *State v. Adkins*, 2022-Ohio-4760.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,               CASE NO. 1-19-71

    v.

CLOIS-RAY H. ADKINS,             O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Allen County Common Pleas Court
Trial Court No. CR 2017 0290

Judgment Reversed and Cause Remanded

Date of Decision: December 29, 2022

APPEARANCES:

    *F. Stephen Chamberlain* for Appellant

    *Jana E. Emerick* for Appellee

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Clois-Ray H. Adkins ("Adkins"), appeals the June 13, 2019 judgment entry of conviction and sentencing of the Allen County Common Pleas Court after Adkins was found guilty (by a jury) of murder in violation of R.C. 2903.02(A), an unclassified felony. For the reasons that follow, we reverse the judgment of the trial court and remand this matter for a new trial or further proceedings consistent with this opinion.

{¶2} This case stems from a September 3, 2017 altercation between Adkins and Robert L. Smith, II ("Smith") wherein Adkins hit Smith in the head with a tree branch and killed him.

{¶3} On October 17, 2017, Adkins was indicted by the Allen County Grand Jury on four criminal counts: Count One, Murder in violation of R.C. 2903.02(A), (D) and R.C. 2929.02(B), an unclassified felony; Count Two, Murder in violation of R.C. 2903.02(B), (D) and R.C. 2929.02(B), an unclassified felony; Count Three, Felonious Assault in violation of R.C. 2903.11(A)(1), (D)(1)(a), a second-degree felony; and Count Four, Felonious Assault in violation of R.C. 2903.11(A)(2), (D)(1)(a), also a second-degree felony.

{¶4} On October 30, 2017, Adkins appeared for arraignment and entered pleas of not guilty. However, on January 5, 2018, Adkins trial counsel filed a written plea of not guilty by reason of insanity under Crim.R. 11(A) and a motion

suggesting Adkins was not competent to stand trial. Thereafter, the trial court ordered that Adkins undergo a competency-to-stand-trial examination under R.C. 2945.371(G)(3) and sanity-at-the-time-of-the-offense examination under R.C. 2945.371(G)(4).[1] A competency hearing was scheduled on March 13, 2018.[2] However, Adkins's trial counsel requested a second-competency-to-stand-trial examination and sanity-at-the-time-of-the-offense examination, which the trial court ordered.

{¶5} On August 13, 2018, the trial court scheduled the matter for a competency hearing to address the conflicting competency-evaluation reports. Because the trial court did not conduct the competency hearing ten days after the filing of the report of the competency evaluation under R.C. 2945.37(C), the State and defense requested additional evaluations for competency to stand trial, which the trial court granted. Ultimately, the trial court held a competency hearing determining

> that [Adkins] has not proven by a preponderance of the evidence that [he] does not have sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding or that he is incapable of assisting counsel in his own defense.

---

[1] The trial court vacated the original trial date and authorized payment for mental-health records. Notably, R.C. 2945.371 was amended by the General Assembly in August 2021; however, the trial court proceeded under the version of the statute in effect at the time that Adkins committed the offenses at issue in this case. *See* R.C. 2945.371(G)(3), (4) (Oct. 12, 2016 to Aug. 2, 2021) (current version at R.C. 2945.371(H)(3), (4) (Aug. 3, 2021)).

[2] In our review of the record, it is unclear whether the parties appeared for the scheduled hearing and what (if anything) transpired.

Case No. 1-19-71

(Doc. No. 65); (*See* Doc. No. 154).

**{¶6}** Thereafter, Adkins filed a motion with the trial court requesting the applicability of the amended version of R.C. 2901.05(B), Ohio's self-defense law, in this case, which the State opposed. The trial court determined that the amended version of R.C. 2901.05(B) was *not* applicable to Adkins's case because the indicted offenses occurred *prior* to the effective date of the self-defense-law amendments.[3]

**{¶7}** After a jury trial on June 11 and 12, 2019, the jury found Adkins guilty of all four counts in the indictment. For sentencing, the trial court merged Counts One, Two, Three, and Four, and the State elected to proceed on the Murder charge under Count One. Pursuant to the State's election, the trial court sentenced Adkins to serve fifteen years to life in prison, a mandatory term.[4] The judgment entry of sentencing was filed on June 13, 2019.

**{¶8}** Thereafter, Adkins filed his notice of appeal on November 25, 2019 in this court, and raised the following three assignments of error for our review.[5]

---

[3] Subsequent to the indictment in this case, R.C. 2901.05 was amended to require the "the prosecution [to] prove beyond a reasonable doubt that the accused person did not use the force in self-defense, defense of another, or defense of that person's residence, as the case may be." R.C. 2901.05(B)(1) (Mar. 28, 2019 to Apr. 5, 2021) (current version R.C. 2901.05(B)(1) (Apr. 6, 2021)).

[4] The trial court also ordered that Adkins pay a $25.00 application fee to the Clerk of Court under R.C. 120.36 for the appointment of counsel; that he pay court costs; however, the trial court suspended payment of those costs with no future date specified; and that Adkins be transported to the Department of Rehabilitation and Correction ("DRC") receiving jail-time credit for 648-days since September 3, 2017 together with future days while he awaited transport to DRC.

[5] Adkin's trial counsel sought leave to file a delayed appeal under App.R. 5 from us on the basis that he had become ill and had been hospitalized for 70 days following the sentencing hearing and after agreeing with Adkins to ensure that timely notice of appeal was filed, which we granted on December 4, 2019.

-4-

**Assignment of Error I**

**The trial court violated appellant's rights to the due process of law under both the state and federal constitution constitutional [sic] by requiring him stand trial while incompetent.**

**Assignment of Error II**

**Appellant was deprived of a fair trial when the trial court instructed the jury that appellant had the burden of proving self-defense.**

**Assignment of Error III**

**Appellant's convictions were not supported by the weight of the evidence on the issue of self-defense.**

{¶9} On December 21, 2020, we overruled Adkins's assignments of error in *State v. Adkins*, 3d Dist. Allen No. 1-19-71, 2020-Ohio-6799 and affirmed the judgment of the trial court.

{¶10} On December 23, 2020, Adkins filed a motion to certify a conflict to the Ohio Supreme Court, which we denied on January 26, 2021.

{¶11} Then, on July 21, 2022, the Supreme Court of Ohio issued a decision in *State v. Brooks*, ___ Ohio St.3d ___, 2022-Ohio-2478, evaluating the issue of whether "legislation that shifts the burden of proof on self-defense to the prosecution * * * appl[ies] to all subsequent trials even when the alleged offenses occurred prior to the effective date of the act[.]" *Id.* at ¶ 1, 21. The Supreme Court held that the amended version of R.C. 2901.05 applies "to all trials conducted on or after its effective date" regardless of when the underlying criminal conduct

occurred. *Id*. at ¶ 2. In its analysis, the court concluded that the amended statute should apply since the language related to the date of the trial, rather than the date the offense was committed. *Id*. at ¶ 23.

**{¶12}** Following the announcement of *Brooks*, Adkins filed a motion for leave to file a delayed application for reconsideration under App.R. 26(A)(1), citing *Brooks*, which the State opposed. On December 9, 2022, we granted Adkins request for leave and vacated the opinion and final judgment issued in *Adkins*, 2020-Ohio-6799. Thereafter, we granted Adkins's application for reconsideration and reinstated his appeal for a determination on the merits.

**{¶13}** We begin by addressing Adkins's second assignment of error followed by his first and third assignments of error, which we will address together.

**Assignment of Error II**

**Appellant was deprived of a fair trial when the trial court instructed the jury that appellant had the burden of proving self-defense.**

**{¶14}** Adkins's second assignment of error is sustained since Adkins was deprived of a fair trial when the trial court improperly instructed the jury as to the burden of proof on self-defense and because he was entitled to the jury instruction requiring the prosecution to prove he did not act in self-defense for the reasons set forth in *State v. Brooks*, ___ Ohio St.3d ___, 2022-Ohio-2478.

## Assignment of Error I

**The trial court violated appellant's rights to the due process of law under both the state and federal constitution constitutional [sic] by requiring him stand trial while incompetent.**

## Assignment of Error III

**Appellant's convictions were not supported by the weight of the evidence on the issue of self-defense.**

{¶15} Based upon our disposition of Adkins's second assignment of error, Adkins's first and third assignments of error are moot. *See* App.R. 12(A)(1)(c). *See also State v. Gideon*, 165 Ohio St.3d 156, 2020-Ohio-6961, ¶ 26-27, citing App.R. 12(A)(1)(c). Consequently, we decline to address them.

{¶16} Having found error prejudicial to the appellant herein in the particulars assigned and argued in his second assignment of error and having found that appellant's first and third assignments of error have been rendered moot by our disposition of appellant's second assignment of error, we reverse the judgment of the trial court and remand this matter for a new trial or other further proceedings consistent with this opinion.

*Judgment Reversed and*
*Cause Remanded*

**MILLER and SHAW, J.J., concur.**

**/jlr**